In The **UNITED STATES DISTRICT COURT**
For The EASTERN DISTRICT OF NORTH CAROLINA

PLAINTIFFS, Daniel Felix and Christine Hutten
53828 NC Hwy 12
PO Box 544
Frisco, NC 27936-0544

FILED
JUL 1 0 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

V.

CIVIL ACTION NO. 2:18-CV-00031-BO

DEFENDANTS,
US ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530-0001
FEMA- Federal Emergency Management Agency
NFIP-National Flood Insurance Program
500 C Street SW
Washington, DC 20472

IAT Insurance Group

Occidental Fire And Casualty Company of NC
Pres. David Pirrung
702 Oberlin Road
Raleigh, NC 27605-1102

Service Insurance Company

**COMPLAINT MOTION FOR JUDGEMENT**

The PLAINTIFFS hereby respectfully requests this Honorable Court enter Judgment for the Plaintiffs against all Defendants in all matters outlined below.

1. Upon completing construction of their home in 2007, Plaintiffs purchased flood

insurance for full coverage of all 3 floors of their home through the National Flood

Insurance Program NFIP. Their insurance agents, TLC Insurance, purchased the

Standard Flood Insurance Policy from the IAT Insurance Group and it was issued by the

Occidental Fire And Casualty Company Of NC and the Service Insurance Company. This is stated on the flood insurance declaration page sent to Plaintiffs.

2. Plaintiffs home,3 floors, is all built above the base flood elevation that was established and used by FEMA at the time the Building Permits were drawn for the house. This includes the first floor which is raised above the base flood elevation with a one foot thick, two feet high concrete footer, with interlocking slab on top. This is the foundation of the structure. Plaintiff also chose to run timbers, sometimes used as pilings, through the first floor, some ending at the second floor and some ending at the base of the third floor, for structural stability and to Hurricane proof their home. But they are not the base foundation of the home-the concrete footer and slab is the "raised" foundation that supports and anchors the structure.

3. Plaintiffs home located at 53828 NC Hwy 12,Frisco, NC 27936, is legally built in all respects and Building Codes to be heated/finished living space built above the base flood elevation on the first floor and all consecutive floors. Heated/finished living space cannot legally be built below the base flood elevation in Dare County NC. Plaintiffs have a valid certificate of occupancy issued by the Building Permits And Inspections Office of Dare County for all 3 floors issued in 2007 when the home was newly built. Building Permits also confirm the first floor designated as heated/finished living space. This makes the first floor fully insurable for all aspects of damages by flood by the policy issued by the NFIP.

4. During the flood insurance purchase, Plaintiffs took painstaking efforts to assure all three floors were fully insured and that the insurance provider understood the Elevation Certificate issued the surveyor declared all three floors built above the base flood elevation established at the time permits were drawn and construction was under way. The surveyor, Freddy Rankin, also rewrote the notes in the Elevation Certificate to clarify for the flood insurance provider and personally called to explain to them the description in the notes. And this Elevation Certificate made it clear to all involved that the first floor of the house was built above the base flood elevation that was established at the time of construction. Then the surveyor made a chart in 2010 that clearly depicts the slab above the base flood elevation when the flood insurance provider again revisited the findings in the Elevation Certificate and the issue was resolved in Plaintiffs favor. And even now there is nothing to refute that the first floor of the house IS built above the base flood elevation established during the construction period and it is legal heated/finished living space that was fully insurable by the NFIP. Plaintiffs are also stating they purchased full coverage insurance for the first and every consecutive floor of their home which includes the entire structure and contents and were convinced by the insurance providers that that is what they had purchased. Plaintiffs have paid for this policy since 2007-over ten years.

5. In Oct. 2016 Plaintiffs had flood damage to the first floor of their home from Hurricane Matthew. A timely Proof Of Loss was filed by Plaintiffs in the amount of $62,389.51 on 4/27/17 which is not contested. The Service Insurance Company denied Plaintiffs the ability to file a Proof Of Loss for contents claiming by phone and e-mail the contents

were not covered under the policy which is false. On July 14, 2017 the Service Insurance Company (IAT INSURANCE GROUP) denied most of Plaintiffs claim for damages and only agreed to a payment of $21,284.33 covering only the homes HVAC and hot water equipment. And denying any claim for the structural damage caused by the flood to finished walls, doors floors, etc. or for any contents. The Service Insurance Company's claim denied that the first floor was above the base flood elevation or that it met the standards of the policy of a "raised floor" built on footer and slab. They erroneously disputed the structural nature of the home despite the abundance of documents proving otherwise provided by the Surveyor, the Building Inspectors, etc. A timely appeal was filed in the office of the FEMA NFIP Appeals Division on Aug. 31, 2017 by Plaintiffs attorney, Attorney Ronald Baker, which was accompanied by irrefutable pictures of the house during construction of the house built on and sitting on the concrete footer and slab and the Elevation Certificate declaring that slab above the base flood elevation. Plaintiffs appeal is yet to be answered in their favor and Plaintiff is now timely filing this lawsuit as required by the one year statute of limitations.

6. On July 6th 2018, during the appeal process, Appeal Examiner Anthony Thorne stated that if Plaintiffs could obtain a statement by a certified engineer that if any portion of the house rests on the concrete footer and slab then the house's first floor would be considered the first raised floor of the house and that the claim would then be paid in full and the house full covered under the NFIP policy. Plaintiff's then obtained a certified statement from a certified engineer from Kitty Hawk Engineering that the first elevated floor of the house was the first floor of the home and that the concrete footer and slab

was in fact the foundation of the entire structure and thereby supporting all subsequent floors as FEMA requested. FEMA, without justification after having been provided the engineer certified statement, which is not in dispute, still continued to deny Plaintiff's claim for flood damages.

7. Plaintiffs are therefore filing this lawsuit for the full payment of flood damages to their home to include structural and contents. And for action to be taken against the Service Insurance Company for selling fraudulent flood insurance policies and for defrauding them out of their insurance claims.

## CONCLUSION AND REQUEST FOR JUDGEMENT

**PLAINTIFFS** conclude by requesting this Court enter judgment ordering their full claim for flood damages be paid, that the Defendants compensate Plaintiffs for lost contents, that defendants pay plaintiffs legal fees and for their suffering, and that the Court declare the house is legally built on all three floors above the base flood elevation established during construction by FEMA so that the full coverage flood insurance Plaintiffs are entitled to can be purchased in ongoing future years. And whatever else the Court deems appropriate.

*Christine Hutten* 7/9/18
Christine Hutten, pro se

*[signature]* 7/9/18
Daniel Felix, pro se
53828 NC Hwy 12
PO Box 544
Frisco, NC 27936-0544