**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DANIEL FELIX AND CHRISTINE HUTTEN** | * * * | **CIVIL ACTION NO.** **2:18-cv-00031-BO** |
| **vs.** | * * | |
| **US ATTORNEY GENERAL, FEMA, NFIP, IAT INSURANCE GROUP, OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, PRESIDENT DAVID PIRRUNG, and SERVICE INSURANCE COMPANY** | * * * * * * * * | **ANSWER AND AFFIRMATIVE DEFENSES OF SERVICE <u>INSURANCE COMPANY</u>** |

NOW INTO COURT, comes Defendant, SERVICE INSURANCE COMPANY ("Service" or "Defendant"), a former Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.,* ("NFIA")), and appearing herein in its "fiduciary" capacity as the "fiscal agent of the United States" (44 C.F.R. § 62.23(f) and 42 U.S.C. § 4071(a)(1)) and at the expense of the US Treasury,[1] for the purpose of responding to Plaintiffs' Complaint and asserting Affirmative Defenses thereto, to wit:

1. The allegations contained in paragraph 1 of the Plaintiffs' Complaint are admitted to the extent that the Plaintiffs purchased a Standard Flood Insurance Policy ("SFIP"), which is a codified Federal Regulation found at 44 C.F.R. Part 61, Appendix A(1), from Service beginning in 2007 through their local insurance agent, TLC Insurance. Beginning on October 9, 2017, the Plaintiffs' SFIP was issued by co-defendant, Occidental Fire and Casualty Company of North

[1] *Grissom v. Liberty Mutual Fire Insurance Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

Carolina. Any representations of coverage beyond the express terms of the SFIP and concomitant rules of the NFIP are denied.

2. The allegations contained in paragraph 2 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief as to the construction and composition of the Plaintiffs' dwelling and issuance of building permits and denied as to being built above base flood elevation.

3. The allegations contained in paragraph 3 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief as to the construction and composition of the Plaintiffs' dwelling and issuance of building permits and denied as to the first floor being "fully insurable," as the first floor is subject to special flood hazard area post-FIRM elevated building limitations as detailed in the SFIP.

4. The allegations contained in paragraph 4 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief regarding the insureds' efforts regarding the elevation certificate and the efforts of Freddy Rankin, and denied as to the dwelling being above base flood elevation and denied as to any inference that the coverage under the SFIP is anything more than that provided in the policy itself and the concomitant NFIP rules surrounding same.

5. The allegations contained in paragraph 5 of the Plaintiffs' Complaint are admitted to the extent that the Plaintiffs suffered damage from flood to the area of their home below the first elevated floor, that Service paid $21,284.33 in covered losses under the SFIP, and that the Plaintiffs appealed Service's findings to FEMA, otherwise denied, including that the $62,389.51 Proof of Loss submitted by the Plaintiffs was timely under the terms of the SFIP and any extensions granted by FEMA.

6. The allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

7. The allegations contained in paragraph 7 of the Plaintiffs' Complaint are denied.

8. The allegations and requests contained in the Conclusion and Request for Judgement following paragraph 7 of the Plaintiffs' Complaint are denied.

AND NOW, IN FURTHER ANSWER, COMES Defendant, Service Insurance Company, to submit the following Affirmative Defenses to Plaintiffs' Complaint, to wit:

**1. NO CAUSE OF ACTION**

The Complaint fails to contain claims upon which relief may be granted by this Honorable Court.

**2. NO RIGHT OF ACTION**

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that the Plaintiff seeks any recovery from Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

**3. THE INSURING AGREEMENT**

The responsibilities of the WYO Program carrier, Defendant to the Insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the Insured has no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

**4. CHARGED WITH KNOWLEDGE and NO DETRIMENTAL RELIANCE**

As a matter of federal law, Plaintiffs are charged with knowledge of the terms and conditions of the NFIA, the NFIP and the SFIP. *See, Federal Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984). Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. § 61.5(e). Accordingly, alleged detrimental reliance claims are unreasonable as a matter of law. Further, per the U.S. Supreme Court's opinion in *Heckler,* Plaintiffs are charged with knowing all the terms and conditions of FEMA published guidance regarding the NFIP including, but not limited to, the FEMA Manuals and Bulletins. Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Arts. VII(J)(5), (7) and (8).

**5. DUTIES OF THE INSURED**

The Insureds are responsible for reading the SFIP, as well as any renewal and/or cancellation notices, and are presumed to know the provisions of the policy, including the insurer's limits of liability, coverages and exclusions.

**6. THE DECLARATIONS PAGE**

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, names the WYO Company, and displays the premium. The question of whether the Insured is entitled to additional sums under the SFIP, and if so, how much, is strictly governed by the policy's Declarations Page, and all of the policy's terms and conditions as contained in the SFIP at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, the NFIA itself and FEMA's regulations, Bulletins, and Claims Manual.

## 7. FISCAL AGENT STATUS

By statute, Defendant is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. § 62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. § 4019. Those standards govern all of the WYO Program companies and all insured in a nationally uniform manner.

## 8. DEFINITIONS

Defendant pleads 44 C.F.R. Pt. 61, App. A(1), Article II, "Definitions," as an affirmative defense, including, but not limited to, the definitions of Policy, Building, Declarations Page, Dwelling, Direct Physical Loss By or From Flood, Elevated Building, Flood, Post-FIRM Building, Special Flood Hazard Area, You, Your, Valued Policy, etc. Defendant further avers that said definitions must be strictly construed, interpreted and enforced.

## 9. LIMITATIONS OF COVERAGES

Defendant avers as an affirmative defense those provisions and limitations of coverage contained at ARTICLE III of the SFIP, especially those contained in Article III, Coverage A, No. 8 and Coverage B, No. 3.

## 10. STRICT CONSTRUCTION AND INTERPRETATION

Defendant pleads that, as all claims under the SFIP are made with U.S. Treasury funds, out of segregated accounts maintained by the WYO Program carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution. *See*, 42 U.S.C. § 4071(a)(1). Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the

terms and provisions of the SFIP, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397 (5th Cir. 2012).

**11. U.S. TREASURY FUNDS PAY ALL EXPENSES**

All expenses and costs in this matter are being borne out of U.S. Treasury funds. Further, any judgment that may be cast in this matter also will come from federal funds.

**12. CONDITIONS PRECEDENT**

The SFIP expressly conditions the right to sue for further benefits under the policy upon the Insured's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Insured is seeking under the policy, the Insured must meet the burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, prompt written notice of claim, proof of loss, timely filing of suit, and other requirements. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly plead herein by reference.

**13. DOCUMENTATION AND PROOF OF COMPLETED REPAIRS**

Defendant asserts that Plaintiffs failed to provide sufficient documentation and proof of repairs in support of any further amounts claimed as required by SFIP Articles VII(J)(3), VII(J)(4)(f) and (i), and VII(V) and failed to submit sufficient documentation and a proper Proof of Loss to support the amounts sought in the pre-suit demand pursuant to FEMA Bulletin W-14058. Pursuant to Article VII(K) of the SFIP, Defendant is specifically requesting in writing that the Insured furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans,

line-by-line item estimates and specifications for repair. Further, as per Article VII(J)(3) and VII(V), the Insured must attach all bills, receipts and related documents, particularly if the repairs have been completed or are in progress. Additionally, the Insured should provide the requested documentation in such a format as to clearly show how the materials, supplies and repairs correlate to damaged items claimed.

**14. WAIVERS**

The Federal Government has reserved unto itself the exclusive authority to waive Program requirements. *See* 44 C.F.R. § 61.13(d), § 62.23(k), and SFIP Article VII(D), which are pled herein as though contained *in extenso*. Defendant affirmatively pleads that it cannot legally waive Program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. The Federal Insurance Administrator ("FIA") is the sole authority. The only evidence of any such waivers specific to the captioned matter of which Defendant is aware is for an extension of time to file a valid Proof of Loss, said waiver being dated July 13, 2017, and FEMA Bulletins W-16088 and W-17001, each of which granted a 60 day extension of time to file a valid Proof of Loss.

**15. TIME LIMITATIONS**

In the event Plaintiffs' lawsuit was not filed in federal court within 12 months of the date of any written denial or partial denial from Defendant to the Insured then Plaintiffs' suit is time barred. *See*, 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

**16. NO BREACH OF DUTY**

There was no breach of any duty owed by Defendant to the Plaintiff. There was no causation and no damage attributable to any alleged act, error or omission by Defendant in this case. Defendant avers that the Plaintiff has not been damaged as a result of any alleged action or

inaction on the part of Defendant.

**17. MITIGATION**

If any of the Insured's damages are a result of a failure by the Insured to take reasonable steps to mitigate the loss, those damages are not recoverable.

**18. CONSTITUTIONAL ISSUES**

Pursuant to the Appropriations Clause, no recovery may be allowed to the Insured beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this Program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the States have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act (15 U.S.C. §§ 1011-15), Defendant asserts under the Commerce Clause that the States have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles contained by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984).

**19. PAYMENT FOR THE HANDLING OF CLAIMS**

Defendant has no reason to act in bad faith or in a deceptive, fraudulent, or unfair manner, as it receives a fee for every dollar paid to an Insured under an SFIP. In other words, the greater the amount paid to an Insured under an SFIP, the higher the fee the WYO Program carrier Defendant will receive from the federal government for handling the claim.

**20. PRIOR PAYMENTS**

Defendant asserts the right to a credit for any claims payments that have already been

made, and/or which might be made during the pendency of this action, but prior to final judgment.

**21. LOSS PAYMENT AND LOSS PAYEES**

Defendant asserts SFIP Article VII(M) – LOSS PAYMENT, and all sub-parts thereto, as an affirmative defense. In the event of any recovery by the Insured, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.*, Small Business Administration, that are entitled to have their interests protected on any further checks, then those requirements are plead herein as well.

**22. IMPROPER PAYMENTS INFORMATION ACT**

Unless Plaintiff can establish that he has submitted documentation that meets all requirements under the SFIP and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. § 3321 note (Supp. III 2003).

**23. PREEMPTION**

All federal and/or state law based extra-contractual and tort claims arising out of the handling of the flood loss claim are preempted and barred by federal law, including but not limited to claims for suffering, attorney fees, costs, declaratory judgment, etc.

**24. NO INTEREST RULE**

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for pre-judgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

**25. CONSEQUENTIAL DAMAGES**

Because the SFIP only pays for damages caused directly by or from flood, no

consequential damages are allowed.

**26. CLAIMS ADJUSTMENTS**

Defendant pleads 44 C.F.R. § 62.23(i)(1) and (2), in their entirety, as though contained herein *in extenso*. Under the terms of the "Arrangement", WYO Companies will adjust claims in accordance with general Company standards, guided by the NFIP Adjuster Manuals. Further, the WYO Company may use its staff adjusters, independent adjusters, or both. The WYO's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters. The independent adjuster may not make final determinations as to coverage as a matter of law.

**27. NOT GENERAL AGENT**

Defendant is not the general agent of the U.S. Government. *See* 44 C.F.R.§ 62.23(g).

**28. SFIP IS A SINGLE RISK POLICY**

The Plaintiff is not entitled to recover federal flood benefits under one SFIP for more than one dwelling, as the SFIP is a single-risk policy which only covers damages caused directly by or from flood. *See* Articles I and II (B)(21) of the SFIP.

**29. PROPERTY NOT COVERED**

Defendant avers as an affirmative defense ARTICLE IV- PROPERTY NOT COVERED, which includes those specific items of property for which coverage is not provided under the SFIP even if the damages to those items were caused directly by or from flooding.

**30. EXCLUSIONS**

Defendant avers as an affirmative defense those exclusions contained in ARTICLE V – EXCLUSIONS, particularly including but not limited to earth movement, water, moisture, mildew and mold exclusions.

**31. LOSS SETTLEMENT**

Defendant avers as an affirmative defense the provisions set forth in 44 C.F.C. Pt. 61, App. A(1), Article VII(V) – LOSS SETTLEMENT.

**32. PRIOR LOSS**

If it is determined that Plaintiffs' property suffered a prior flood loss for which the insured at the time of the prior flood loss was compensated, but proper repairs were not made to the property, then Defendant avers that payment cannot be made again for those same damages. The burden is on the Plaintiff to present proof that the prior loss was remediated and that additional payments are not duplicative. Defendant asserts, but is not limited to SFIP Article VII(K) in this regard.

**33. AGENT OF THE INSURED**

Pursuant to 44 C.F.R. § 61.5(e), the duly licensed property and casualty insurance agent acts for the insured and not for the WYO carrier. Further, any representations which are contrary to the terms and conditions of the SFIP are void. Moreover, any reliance upon such purported representations is void as a matter of law.

**34. BINDERS**

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.

**35. PROOF OF LOSS REQUIREMENT**

The SFIP sets forth strict requirements for the proof of loss under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). It is Plaintiffs' burden to establish that they strictly complied with 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), and all sub-parts thereto, prior to filing suit pursuant to 44

C.F.R. Pt. 61, App. A(1), Art. VII(R). Defendant specifically asserts that Plaintiff failed to timely submit a valid, properly signed and sworn Proof of Loss supported by proper documentation of covered and payable damages caused directly by or from flood to support their claim for additional U.S. Treasury funds.

**36. REINSPECTION OF PROPERTY**

Defendant asserts that it has not been given the opportunity to reinspect the insured property pursuant to the Plaintiffs' request for additional payment in order to verify the complained of loss as is mandated in 44 C.F.R. § 62.23(i)(2). *See*, the provisions of the FEMA NFIP *Flood Insurance Claims Handbook*, at page 7, which Defendant asserts as a right and a defense.

**37. OVERHEAD AND PROFIT**

In an abundance of caution, Defendant asserts as an affirmative defense that if the subject property has been sold prior to repairs being made, Plaintiff is not entitled to overhead and profit. Further, Defendant asserts as an affirmative defense the FEMA Claims Manual regarding overhead and profit.

**38. OFFICE OF GENERAL COUNSEL REVIEW**

Defendant asserts that it reported this litigation to FEMA as required after it was served with this lawsuit as required per the "Arrangement," and that Defendant has not received any correspondence from the Federal Insurance Administrator, FEMA, or its Office of General Counsel declaring, or even suggesting, that this case falls outside the "scope" of the Arrangement.

**39. ANTI-ASSIGNMENT OF CLAIMS ACT**

Defendant asserts that any assignment of SFIP benefits must comply with the Anti-

Assignment of Claims Act.

**40. FEMA FLOOD INSURANCE MANUAL**

Defendant asserts that the FEMA Flood Insurance Manual, promulgated by FEMA under authority of the U.S. Congress, governs all underwriting aspects of Plaintiffs' SFIP, including but not limited to, requirements for the renewal of an NFIP SFIP. See https://www.fema.gov/flood-insurance-manual.

**41. THE ARRANGEMENT**

Defendant, as a participating WYO Program carrier, is strictly bound by the "Arrangement" found at https://www.fema.gov/media-library/assets/documents/17972.

**42. FEMA BULLETINS**

Per the *Arrangement* (Arts. I(5) and (6), II(A)(2) and (G)), Defendant shall abide by written guidance published by FEMA. *See* https://nfip-iservice.com/nfip_docs.html.

**43. THE SFIP IS THE BEST EVIDENCE OF ITS CONTENTS**

The SFIP, codified at 44 C.F.R. Part 61, Appendix A(1), is the best evidence of the terms and conditions of said federal insurance policy.

**44. FEMA CLAIMS MANUAL**

Defendant asserts that the FEMA Claims Manual, promulgated by FEMA under authority of the U.S. Congress, governs claim adjustment aspects of Plaintiffs' SFIP. *See*, https://www.fema.gov/media-library/assets/documents/2675.

**45. DECLARATORY JUDGMENT NOT AVAILABLE**

Plaintiffs are not entitled to a Declaratory Judgment in the captioned matter, as the Declaratory Judgment claim is redundant to the breach of contract claim against Defendant, moreover, the Plaintiffs have not established that they are entitled to relief under the SFIP, the

NFIP, or FEMA Guidelines, thus no impermissible action on the part of Defendant has been established. *Stoner v. Southern Farm Bureau Cas. Ins. Co.*, 2013 WL 593459 at *2 (E.D.Ark. Feb. 15, 2013)("Plaintiff will get nothing more from a declaratory judgment than she would from prevailing on her breach of contract claim …."); *Gloston v. Dept. of Homeland Security*, 2014 WL 1660630 at *1 (E.D.La. Apr. 25, 2014)(the court agreed that declaratory judgment claim was "redundant and immaterial" of breach of contract claim); *Arrajj v. American Comm. Ins. Co.*, 2014 WL 5798200 at *2 (D.N.J. Nov. 5, 2014)(relief sought in declaratory judgment plea would be resolved by addressing breach of contract claim); *Durward v. Hartford Ins. Co. of the Midwest*, 2015 WL 7351510 at *2 (D.Col. Nov. 20, 2015)("I do not understand how the Court's resolution of the contract claim would leave anything unresolved that would be resolved by a declaratory judgment. … It is substantively redundant."). *See also*, 10B Wright, Miller, & Kane, *Federal Practice and Procedure*, §§ 2751 & 2758 (3d ed. 1998)(a dispute under a contract does not automatically ripen into an affirmative remedy under the Declaratory Judgment Act, especially if other adequate remedies already exist).

**46. LACK OF PROMPT NOTICE OF LOSS**

The Plaintiffs failed to give Defendant prompt written (or any type of) notice of loss until more than four months after the date of the alleged flood loss, which is a violation of Article VII(J)(1) of the SFIP.

**47. DENIAL OF REMAINING ALLEGATIONS**

Defendant affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiffs' Complaint that have not been specifically admitted are hereby denied.

**48. RESERVATION OF RIGHTS**

To the extent permitted by law, Defendant reserves its right to supplement and amend its Answer to Plaintiffs' Complaint and to assert additional affirmative defenses as future discovery may warrant and require.

**PRAYER**

WHEREFORE, Defendant, Service Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Plaintiffs against Defendant, Service Insurance Company, with prejudice, and at Plaintiffs' costs.

Dated: September 18, 2018.

Respectfully Submitted:

**NIELSEN & TREAS, LLC**

*/s/ William R. DeJean*
William R. DeJean, Esq., T.A., La.Bar No. 22762
3838 North Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500; F: 504-832-9165
Email: wdejean@nct-law.com
*Counsel for Defendant, Service Insurance Company*

and

*/s/ W. Gregory Merritt*
W. Gregory Merritt
HARRIS, CREECH, WARD &
BLACKERBY, P.A.
325 Pollock Street
P.O. Drawer 1168
New Bern, NC 28563
P: (252)-638-6666; F: (252) 638-3542
Email: wgm@HarrisCreech.com
N.C. Bar No. 23333
Local Rule 83.1(d) Counsel for Service Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2018, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system, which will send notice of electronic filing as follows:

Daniel Felix
P. O. Box 544
Frisco, NC 27936-0544
*PRO SE*

Christine Hutten
P. O. Box 544
Frisco, NC 27936-0544
*PRO SE*

Additionally, a copy of the foregoing has been placed in the U.S. Mail to Mr. Felix and Ms. Hutten on September 18, 2018.

*/s/ William R. DeJean*
William R. DeJean