UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-31-BO

| | | |
|---|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES ATTORNEY GENERAL, | ) | |
| FEDERAL EMERGENCY MANAGEMENT | ) | |
| AGENCY, NATIONAL FLOOD INSURANCE | ) | |
| PROGRAM, IAT INSURANCE GROUP, | ) | |
| OCCIDENTAL FIRE AND CASUALTY | ) | |
| COMPANY OF NORTH CAROLINA, | ) | |
| DAVID PIRRUNG, and SERVICE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendants' motion to dismiss improperly named defendants [DE 17] and plaintiffs' motion for discovery [DE 21]. These matters are ripe for disposition. For the following reasons, defendants' motion to dismiss improperly named defendants [DE 17] is GRANTED and plaintiffs' motion for discovery [DE 21] is DENIED WITHOUT PREJUDICE.

BACKGROUND

In 2007, plaintiffs obtained flood insurance from defendant Service Insurance Company ("Service"). [DE 1, ¶ 1]. The Standard Flood Insurance Policy ("SFIP") that plaintiffs obtained was written by the Federal Emergency Management Agency ("FEMA") in accordance with the National Flood Insurance Program.

In October 2016, plaintiffs' home in Frisco, North Carolina was damaged by flooding caused by Hurricane Matthew. [DE 1, ¶ 5]. Plaintiffs reported the loss in February 2017, claiming

losses of $62,389.51. *Id.* Defendant Service determined, effectively, that the first floor of plaintiffs' home was not above the area's base flood level and therefore not covered by the SFIP. *Id.* Defendant Service paid plaintiffs $21,284.33 for the losses they claim are covered by the SFIP. *Id.*

In July 2018, plaintiffs brought breach of contract claims against the United States Attorney General, FEMA, the National Flood Insurance Program, IAT Insurance Group ("IAT"), Occidental Fire and Casualty Company of North Carolina ("Occidental"), David Pirrung, and Service. [DE 1]. Defendants IAT, Occidental, and David Pirrung have moved to dismiss under Rule 12(b)(6) on the grounds that they were improperly named as defendants. [DE 17]. Plaintiffs have since moved for discovery, requesting that the Court issue certain subpoenas. [DE 21].

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). *Pro se* plaintiffs are entitled to have their pleadings construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)).

Plaintiffs have not alleged sufficient facts to state a claim upon which relief can be granted as to defendants Occidental, IAT, or David Pirrung. Occidental is the plaintiffs' current flood insurer, having issued the SFIP that took effect in October 2017. [DE 17-2]. Occidental was not, however, plaintiffs' insurer at the time of the losses caused by Hurricane Matthew in 2016. The Fourth Circuit requires insureds bringing claims against their insurers to be in privity of contract with those insurers. *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 603 (4th Cir. 2002). Because Occidental did not become plaintiffs' insurer until October 2017, plaintiffs are not in privity of contract with defendant Occidental, and cannot state actionable claims against it. Thus, plaintiffs' claims against defendant Occidental must be dismissed.

Similarly, plaintiffs are not in privity of contract with defendant IAT. IAT is the parent company of both Service and Occidental. The proper defendant in this suit is Service, the insurer who issued the SFIP that was in effect at the time of plaintiffs' loss. Plaintiffs have not alleged the kind of agency relationship between Service and IAT that could create privity between plaintiffs and IAT. *See Battle*, 288 F.3d at 603. As such, plaintiffs have not alleged sufficient facts to support its claims against defendant IAT, and those claims must be dismissed.

As to defendant David Pirrung, the president of both Service and Occidental, plaintiffs have not specifically alleged any wrongdoing at all. Simply including Mr. Pirrung in the case caption and including the same allegations against him as against the corporate defendants is insufficient to survive a Rule 12(b)(6) motion. Thus, the claims against defendant Pirrung must be dismissed. As plaintiffs have not alleged sufficient facts to state any actionable claims against defendants Occidental, IAT, or David Pirrung, defendants' motion to dismiss is granted.

Plaintiffs have also filed a motion for discovery, requesting that the Court issue subpoenas of certain documents. Defendants did not respond. Defendant Service has filed an answer to plaintiffs' complaint, and plaintiffs' claims against Service can go forward. In accordance with Federal Rules of Civil Procedure 16 and 26, the parties will have the opportunity to discuss a discovery plan and subpoena documents. There is no need at this stage for the Court to issue any subpoenas, so plaintiffs' motion for discovery is premature and denied without prejudice.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss improperly named defendants [DE 17] is GRANTED and plaintiffs' motion for discovery [DE 21] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this __29__ day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE