UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

FILED

NOV 14 2018

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ______ DEP CLK

PLAINTIFFS,

DANIEL FELIX and CHRISTINE HUTTEN

V. CIVIL ACTION NO. 2:18-CV-31-BO

DEFENDANTS,

US ATTORNEY GENERAL

FEMA-NFIP
SERVICE INSURANCE COMPANY,ET AL

MOTION TO AMEND

MOTION FOR PRE-TRIAL RESOLUTION ON CONSTITUTIONAL ISSUES

**Plaintiffs** REQUEST that the Court grant them a Motion To Amend the complaint to include a Constitutional challenge to the Federal Laws under which they are being subjected OR for the Court to make a RULING on the Constitutional issues that are prejudicing Plaintiffs in these proceedings.

The Constitutional issues before the Court are:

1.Is the Federal Law that allows a Lender to force or require a Borrower to obtain flood and/or wind insurance a Constitutionally valid law? And is this Federal Law's application by Lenders discriminating against low income borrowers.

2.Are Borrowers under the same Federal Law being forced to obtain insurance in

excess of legitimate amounts and/or being forced to obtain insurance for assets NOT COVERED by the insurance in a discriminatory application of of the Law and an unconstitutional depriving of funds.

3.Is FEMA's application of the National Flood Insurance Program discriminatory to low income recipients and an unconstitutional deprivation of income for low income persons. And for the Court to grant plaintiffs a Motion To Amend as to the details in the argument and for new information listed below.

**ARGUMENT**

1. Low income borrowers, such as plaintiffs, and other similarly situated citizens, are being forced under Federal Law to obtain flood and wind insurance through Government Programs by Lenders for the privilege of obtaining loans. This in itself makes it more unlikely low income borrowers would be able to afford the cost of owning a home or be able to obtain and afford the required insurance. The Law thereby discriminates at the outset against those not able to afford the cost of these expensive kinds of insurance. The Law is designed to do nothing but protect the lenders and that is exactly how Lenders administer the requirement to borrowers in the application of this Law. And the Law allows Lenders to either force the borrower to pay for insurance beyond their income ability or the Lender obtains the insurance on their behalf and forces the debt upon the borrower. This often results in the loss of the home or a debt beyond the borrowers ability to pay by federal mandate. Either way it is an unconstitutional confiscation of assets or funds from borrower. And it is done without

reasonable legitimate access to Due Process Of Law.

2. And Lenders application of the Law is equally discriminatory to low income borrowers and to plaintiffs. Plaintiffs for example have a property where the Land was bought at $170,000 and they then added another approx. 10,000 square feet from another purchase which cost about another $80,000 dollars making the total of land purchased at $250,000 but only owe Bank Of America approx. $320,000 dollars. The rest of the value of the structure is Plaintiff's equity and not a risk for the bank. The limit of the banks risk is $70,000 dollars in the structure/home and if the purpose of the Law is to protect Lenders risk, that would be the maximum amount that could be mandated for that purpose. THE LAND IS NOT INSURABLE UNDER ANY PROGRAM OR POLICY and no Law should force coverage for what is not possible to insure-that would be fraud. Yet Bank Of America is requiring them to purchase insurance to cover the portion of the loan, the land value, that is NOT INSURABLE. Likewise, defendants claim but plaintiffs refute, that the bottom floor of the home is not insurable or has a limit on insurability of around $20,000 dollars. A ruling in their favor would mean the Federal Law under which we are being subjected here is forcing plaintiffs to purchase insurance for which no coverage would be available. Or that the insurance payment is in extreme excess for an extreme amount of coverage for what is uninsurable but is being mandated by Federal Law.

3.Another aspect of the Federal Law that is discriminatory to low income persons is that payment of the proceeds of the insurance policy goes to the Lender and not to the payer of the insurance policy. And this gives the Lender possession of the funds and control over the decisions the payer of the policy could make in the repair of the

structure when the Lender has not paid for the policy. This amounts to an unconstitutional confiscation of the proceeds of the insurance policy. An example of how this prejudices the borrower/payer of the policy and especially for those of lower income is, while the Federal Law has written into it that no policy holder has the right to sue for legal fees associated with lawsuits such as this, which defendants have cited, when an insurance policy holder has to sue to get their claims upheld they lose 33%-50% of the money of the claim needed to make the repairs on legal expenses, then the Lender will require the repairs to be done to completion as a requirement of them releasing the claim funds to the policy owner. And this creates an impossible situation for the home owner being the funds needed to make the repairs have already been depleted by one third. Low income persons or anyone without readily available cash to complete the repairs would be unable to comply for the privilege of obtaining the claim funds that were paid out as a result of them paying for the insurance policy. This often results in the policy owner never repairing the home and forfeiting the claim proceeds and could result in foreclosure. And this is clearly a situation where the person forced to pay is prejudiced by the entire process from purchase to finish. And more often than not the policy holder will use their claim for personal property that goes directly to them to repair what the rest of the policy should have covered but was lost in the discriminatory repair process and that ownership and funding of personal property is never recovered as an additional result. Plaintiff's situation is just such an example, defendants are adamant that the Lender receive the proceeds of this lawsuit, none of the cost is recoverable by law, and what is left will not be enough due to various reasons now to complete the repairs, and plaintiffs do not possess the funds to complete the repairs on their own in

order to satisfy the Lender, Bank Of America. And this situation has been inflicted on them and others by mandated Federal Law which does nothing to prevent this type of discrimination and prejudice or confiscation of property.

4. The administration by FEMA of the National Flood Insurance Program is discriminatory and unconstitutional. As defendants clearly state, the Standard Flood Insurance Policy institutes a minimum $250,000 dollars of coverage for all purchasers regardless of income or asset value. This forces those individuals with properties of less than $250,000 to obtain and thus pay for coverage in excess of what is even possible for them to claim. A person with a $100,000 dollar home pays for coverage over twice what they even own. A clear example of how FEMA, capitalizing on the above Federal Law which mandates borrowers to obtain coverage, discriminates to have lower income borrowers fund a program where affluent borrowers pay a minimum and get the benefit of the full coverage of the flood program. And where the lower income house owner is forced to buy insurance of greater value than what they own with no other recourse. A constitutional application of the NFIP would be an asset-income-coverage based administration of the rates and coverage of the program. Here defendants claims assert the discrimination as it applies to plaintiffs. Defendants claim plaintiffs had limited coverage of approx. $20,000 dollars while paying for the minimum $250,000 dollar policy. No other coverage would be possible under defendants assertions. Why would anyone agree to pay for such an excessive policy when no claim of that amount would ever be possible? How can the US Government institute a program by mandated Federal Law with such a discriminatory unfair application and still call it constitutional? Then have these lower income policy holders fund the claims of wealthy policy holders?

Only to be denied their claims and have to hire lawyers to try and recover a fraction of the money needed to repair their homes? The lawyers for the insurance company being paid to defend the denial of the claims being paid out of proceeds from the program from these same low income policy holders and tax funds they also pay into.

5.FEMA's policies and practices in general do not fulfill their constitutional mandate to protect the victims of storms. FEMA's main policy is that applicants cannot obtain assistance from or apply for specific aid until all settlements with the victims insurance companies have been settled. Their reasoning being that the aid programs are only there to provide assistance for amounts not covered by insurance. Plaintiff's damage occurred in October of 2016 and here we are still not settled with the insurance FEMA provided in November 2018 and there is no telling how long it will be until the legal procedures have concluded. BUT it is a fact that now and in the future ALL HURRICANE MATTHEW programs for assistance will long since been ended and the funds long since depleted. FEMA runs out during the aftermath of a storm and offers a variety of financial help that is completely unavailable by their policies. And even more so for victims who have been duped into the NFIP. FEMA's treatment of victims show no understanding of their tragedy or the means available to undue the damage. In the instant case Plaintiffs have been re-victimized by the entire process. Plaintiffs have been criticized by defendant's high priced lawyers for the delay in filing their proof of loss even though it was timely under the extensions granted by FEMA. Plaintiff's live in an area where contractors to determine the cost of the loss are few and in the aftermath of such a disaster with so many applying for estimates there were NONE available for months after the storm. Then when plaintiffs deferred to their insurance company for

help all they got was a claims department bent on denying their claim. And FEMA's Appeals Division was of no more help than the insurance companies claims department. Plaintiff's ask the COURT, who in this myriad of laws and policies being presented to the public under the guise of helping the victims, did anything to help plaintiffs? NO ONE DID. NOT plaintiff's federally funded insurance provider and especially not the federally funded Federal Emergency Management Agency,FEMA.

6. Plaintiff's contend that FEMA, the WYOs, and the administrators of the NFIP systematically deny lower income claimants while approving the claims of the wealthy policy holders. And they do it by charging lower income policy holders for excessive insurance they do not have or need. Nor do wealthy home owners have the same strict standards of proof of loss that the lower income homeowners are subjected to. Lower income home owners are also prejudiced by the standard of proof making it all but impossible for them to have documentation or proof of value of their assets-it is a hardship and unreasonable expense for lower income policy holders to document and track the value of their meager possessions when they cannot even afford the insurance that is being mandated on them. A discrimination the lower income home owners of America cannot afford. It is clear that all of these laws and policies are made by and for wealthy persons who would not suffer their administration or compliance while they make it an extreme hardship or impossible for those of lower incomes.

7. FEMA and the WYOs like wise have another policy protecting them alone whereby a victim such as plaintiff is banned from making any additional claims or claims of damage from yet another storm until ALL the damage from the previous or an existing claim has been repaired. This renders the first floor in question by yet another policy uninsurable

until the resolution of this claim and until all damages have been repaired and documentation can be submitted to prove the repairs. YET plaintiffs were forced to continue insurance payments while the appeals and litigation proceeded without end. The COURT, without due consideration, dismissed defendants Occidental Fire And Casualty Company Of NC and in doing so dismissed plaintiff's claim for repayment of the premiums payed for those policies which covered absolutely NOTHING due to the laws and policies cited by defendants. Here the Court upheld that plaintiffs had to pay for insurance at around $1,000 dollars per year from October 2016-2018 while they were prohibited by FEMA and the WYO's policies from making any claim against those policies. Here the Court made it legal for the defendants and the NFIP to defraud plaintiffs out of another 2 years of insurance payments for insurance that is unusable by policy. Money plaintiffs could have used for repairs instead of continuing payments on an insurance policy that does not cover ANY DAMAGE. To add insult to plaintiffs being defrauded out of another 2 years of premiums, Bank of America is forcing plaintiffs to purchase yet another fraudulent insurance policy which covers absolutely nothing for flood damages. While the Court has ridiculed plaintiffs at this stage for not providing "proof" and not mere allegations of the fraud, the very procedure at hand has defrauded plaintiffs and is still defrauding plaintiffs out of their money for these fraudulent insurance policies. Plaintiffs define a fraud, a fraudulent insurance policy, as one where premiums are taken for insurance coverage but NO CLAIM against the policy for damages is possible. Here defendants have argued that plaintiffs did in fact pay for insurance thru Occidental from Oct. 2016-Oct 2018,they have presented they are mandated by federal law to do so, and state facts that these insurance policies will not

cover any additional flood damage by citing theirs and FEMA's policies. Defendants cited that by policy Occidental would not cover any claims for flood damage until the claims under Service were completed and repaired meaning nothing is covered by those policies. Does the COURT not agree that this would constitute fraud? And as previously argued that being forced by LAW to pay for such a policy that still does not cover what the buyer bought the policy to cover is unconstitutional if not theft by federal law? Plaintiffs seek a COURT ORDER preventing Bank Of America or any other lien holder from forcing plaintiffs to obtain ANY insurance coverage or from them purchasing it for plaintiffs until all such matters are legally resolved. And if the COURT revisits it's unconstitutional decision ORDERS FEMA thru the Occidental Fire And Casualty Company Of NC to refund plaintiffs last 2 years of insurance premiums.

8. For lack of any meaningful response by the US Congress, US Senate, or the Attorney General of the US to protect the American people from these unconstitutional laws and policies, Plaintiffs now turn to this COURT for a resolution of such issues on behalf of them and other victims of disasters similarly situated and being victimized by these laws and policies. The US Constitution specifically created 3 separate branches of government for the purpose of protecting the people from one or the other in just such cases as this one. Here the legislative branch thru an unconstitutional law and a federal agency has failed to create a situation of equality for all those affected by the laws and policies. Laws and Federal Policies should not be created whereby they are beyond the understanding or beyond functioning on behalf of persons of the lowest of incomes and education while placing an unfair advantage for the persons of higher income or education. Here no Court could contend that the myriad of federal laws and FEMA

policy surrounding the NFIP, that defendants overwhelmingly capitalize on by citing to plaintiffs demise, are beyond any normal person understanding let alone the understanding of any lower income lower educated individual. And defendants have made it overwhelmingly clear in their pleadings, other policies equally not accessible or understandable dictate the responsibility for reading and knowing all of them falls on the person or buyer of the federal flood insurance policy and that court rulings no one would have access to have ruled out any responsibility of the insurance provider in helping the purchaser make informed decisions or understand their coverage. This has created a completely one sided discriminatory situation against persons of limited understanding in the administration of NFIP, a tax payer funded government sponsored program, which renders it unconstitutional. All other remedies available thru Due Process are equally discriminatory to those of lower income. Here the Court has completely overlooked the hardship and economic hardship of the Due Process proceedings to plaintiffs. Plaintiffs proceeded pro se out of economic necessity while the Court has catered to defendant's attorneys who charge upwards of $500.00 or more per hour and get paid with the proceeds of the NFIP and tax dollars allocated to the program. Plaintiffs are struggling to get the mere amount that they are entitled to to repair their flood damaged home while defendants attorneys lavish themselves with the programs funding on behalf of the insurance company who they represent. Plaintiffs have to do without food to buy printer ink to plead in this Court while defendant's attorneys get paid more to defend the denial of the claim than plaintiffs will get for the claim. But the Court does not contend that plaintiffs are prejudiced in the proceeding from the outset. Due Process is not due process if it is a punishment an abuse in and of itself for those who

try to access it. The Court completely dismisses the time it takes plaintiffs to address this lawsuit, to go through the process, or the economic destruction it is doing to the plaintiffs who have been victimized by a storm. What possible rationalization can the Court have to justify such an abusive process for plaintiffs to only get the bare minimum to repair their home and for that amount to be given to their lender who will victimize them further with unknown policies and procedures of their own. The Plaintiffs as American Citizens call upon the COURT to do their job and correct the unconstitutional laws, policies and applications thereof of the NFIP on behalf of the American People and plaintiffs with a detailed ruling that will correct the constitutional abuses resulting in this lawsuit. And to make such a ruling on these constitutional issues before further proceeding commence so that the basic facts are not polluted by the unconstitutional laws and policies and they can be addressed as the only viable issues so that plaintiffs will have a fair due process. The COURT is obligated to test all of the policies, laws and procedures applicable to this case, such as but not limited to the entire FEMA and NFIP handbook defendants have cited in their pleadings line by line and test other laws and policies defendants have cited, so that plaintiffs will have the availability of the US Constitution as a protection in the Due Process of this complaint. Plaintiffs plead that they are not capable of understanding or pleading issues of their claim other than the bare facts as they know them or processing the wealth of discoverable information and submitting it with viable constitutional claims. Therefore it falls upon the COURT to rule on these constitutional issues and the constitutionality of the NFIP as a whole before plaintiffs need to suffer further abuse from these proceedings.

9. Plaintiffs erroneously believed that as pro se petitioners the Court would appreciate

their brevity and adherence to just the facts, rather than defer to defendant's attorney's long winded legal manipulations of laws and policies, and apply the laws and rules of the court as required for plaintiffs. But plaintiffs were apparently wrong. The rules of this court, plaintiffs being unable to cite them for their lack of access to a law library, allow/require the Court to accept plaintiffs pleadings as equivalent to an affidavit of fact. But the Court has not applied this law in it's consideration of available fact. Plaintiffs "allegations" of "fraud" come from the totality of the facts they have submitted in their pleadings many of which are first hand accounts of the events leading up to this conclusion of fraud. Such as the dealings with the Service Insurance Company in 2007 and again in 2010 over the Elevation Certificate and what is the factual elevation of the structure and what the Elevation Certificate says in the notes. Or as the designer and builder of the house, what the structural nature of the building actually is. Or any other personal dealings with documents or the way in which they were used. These FACTS are well plead in the body and all consecutive pleadings of these proceeding thus far. As in the case with the erroneous Occidental dismissal where plaintiffs lost approx. $2,000 dollars, the Court did not defer to plaintiffs facts, that they were still being forced by law to buy, through yet another branch company of IAT, insurance that was without any possible coverage. But instead deferred to the legal arguments and conclusions of defendant's high priced attorneys. And plaintiffs suffered a unjust loss as a result. So plaintiffs wish to cite to the Court additional facts as they need to make sure the Court places the weight of affidavit to their pleadings. Plaintiffs cite the rules of the Court are such that their pleadings and the facts stated therein have the weight of affidavit and unless defendants produce evidence to the contrary, which their long winded denial

does not, the Court is required to accept them as true. Again, the Elevation Certificate for the house clearly uncontestedly states the "raised" concrete footer and slab, as indicated in the notes as a correction, is above the 7 foot above sea level base flood elevation established by FEMA when the permits were drawn for the house and the construction was underway. The "raised" footer and slab is the foundation of the entire structure as indicated by the uncontested randomly sought engineers report submitted to FEMA in the appeals process that the appeals examiner demanded plaintiffs purchase and submit. Which they did at a cost of $450.00. And there is nothing in defendants pleadings of mere denial without fact to refute either of these documents or the meaning plaintiffs have given them such as it makes the first floor fully insured by the SFIP. And the Court needs to accept this as fact. And these facts and those documents in the possession of FEMA and Service and Occidental show that any insurance policy sold to plaintiffs for anything other than the full coverage those documents make possible IS a fraud against plaintiffs.

10. In light of the Court entertaining defendants every possible escape from liability, plaintiffs now state an additional claim for damages in their Motion To Amend. Due to Service Insurance Company's fraudulent/negligent denial, plaintiffs have suffered additional injury and costs. And defendants should accept this as newly discovered loss. The mold,as a result of this lengthy process to obtain claim funds which they cannot afford to remove, has damaged the lungs of plaintiff over this 2 year period and they have developed a persistent cough which may have caused permanent damage to their lungs. At the very least they have suffered unnecessary health issues as a result of defendants fraud and negligence over the 2 years the claim has been denied. The exact

kind of health damage they purchased full coverage insurance to prevent when protecting their home with this flood policy. Plaintiff Daniel Felix has suffered the worst health damage and has the most persistent cough due to the fact he has had to spend time each week to scrub the mold away for 104 weeks now and counting. His expense for time and money to keep the mold at bay is also considerable. 104 weeks times 2 hours each week times $20.00 per hour is an additional $4,160.00 of loss added to the original claim. And doctor bills are forthcoming when plaintiffs can afford to go. Plaintiffs feel that defendants actions have caused unnecessary pain and suffering and physical damage that they are now owed. Defendants are on notice that denying claims for whatever illegitimate reasons have had consequences that have caused plaintiffs to suffer health issues. Defendants preying upon plaintiff's inability to defend themselves from illegitimate denial, as stated in the facts of this complaint,is causing and has caused physical damage to plaintiffs. Plaintiff is stating that due to the constant scrubbing of mold each week,due to defendants denial of their legitimate loss claim, has caused a permanent cough plaintiff cannot get rid of medically. And he is seeking additional damages from Service and FEMA.

11. Likewise plaintiffs submit their loss of possessions at the depreciated value at $25,000.00 to be added to this complaint by way of this Motion To Amend. While it is hard to estimate the value of the lost possessions and sentimental items,such as your child's stuffed animals and toys, baseball cards etc. that are totally destroyed, pictures taken by Service's subcontract adjuster support the estimate at 33% of their purchase value. But we are sure Service will deny or refute whatever claim we could make. However,in past pleading we left it up to the Court to address those items value and

now we are specifically stating them in our motion.

12. Also now at issue is that the estimates for the repairs are no longer valid due to inflation and increase in wages. There is also the increase in pricing due to availability due to more recent storm disasters. Flood repairs in NC are at a premium and due to lack of availability of companies to do the repairs the price has almost doubled for the same repairs 2 years ago. These increases in costs have now got to be added to the loss. Plaintiffs estimate the cost of the repairs,just material and labor with no profit, are now 33% higher than the estimate submitted with the original proof of loss. An additional $20,588 dollars is now added to the original proof of loss. Making the total now of the loss $82,977.00 or their estimate of limited coverage is now $28,307.00. And the ongoing mold control of $4160.00.

13.Defendants contend that profit on a claim for repairs by a repair business owned by the home owner doing work on his own home is not claimable under Service's policies.It is a fact that the itemized proof of loss contains no profit,only labor and materials,for $46,389.00 originally submitted. Or $61,697 of the $82,977 from above.Should the Court find this policy of Service's erroneous or not legal or not true all together or that profit would be available under such circumstance by FEMA policy,then plaintiffs submit an increase in their estimate as stated above as 17% for profit to be added to the applicable amounts.

## CONCLUSION

**Plaintiffs** conclude that the Federal Law requiring flood and wind insurance by Lenders is discriminatory and unconstitutional. That the application by Lenders is equally discriminatory and unconstitutional. That allowing Lenders to be a party to the claims

payout of the insurance policies is discriminatory and unconstitutional. And that the administration of the NFIP is discriminatory and unconstitutional. PLAINTIFF'S HEREBY seek a COURT ORDER declaring such and a RULING that will stop the discrimination and unconstitutional behavior. Plaintiffs also seek the Court granting them this Motion To Amend and while preserving the right to further amend if the need arises.

Christine Hutten ______ 11/7/18 ______

Christine Hutten Date

______ 11/7/18 ______

Daniel Felix Date

53828 NC Hwy 12
Po Box 544
Frisco, NC 27936

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of this document was sent by US Mail on Nov. 9th 2018 ______ to defendant's attorneys, US Attorney General at 950 Pennsylvania Ave. NW, Washington DC, 20530-0001 and W. Gregory Merritt, HARRIS,CREECH,WARD & BLACKERBY PA, at 325 Pollock Street, PO Drawer 1168, New Burn, NC, 28563.

Christine Hutten ______

CHRISTINE HUTTEN

______

DANIEL FELIX