UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-31-BO

| | | |
|---|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES ATTORNEY GENERAL, | ) | |
| FEDERAL EMERGENCY MANAGEMENT | ) | |
| AGENCY, NATIONAL FLOOD INSURANCE | ) | |
| PROGRAM, IAT INSURANCE GROUP, | ) | |
| OCCIDENTAL FIRE AND CASUALTY | ) | |
| COMPANY OF NORTH CAROLINA, | ) | |
| DAVID PIRRUNG, and SERVICE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiffs' motion to amend their complaint and obtain pre-trial resolution [DE 26]; the United States of America's motion to dismiss claims against the U.S. Attorney General and the Federal Emergency Management Agency (FEMA) [DE 28]; and plaintiffs' motion to add Bank of America as a defendant, obtain an emergency injunction against Bank of America, and obtain default judgment against the U.S. Attorney General and FEMA [DE 31]. Each of the motions is ripe for disposition. For the following reasons, plaintiffs' motion to amend and obtain pre-trial resolution [DE 26] is GRANTED IN PART and DENIED IN PART, the motion to dismiss [DE 28] is GRANTED, and plaintiffs' motion to amend and obtain an emergency injunction and default judgment [DE 31] is DENIED.

## BACKGROUND

In 2007, plaintiffs obtained flood insurance from defendant Service Insurance Company ("Service"). [DE 1, ¶ 1]. The Standard Flood Insurance Policy ("SFIP") that plaintiffs obtained was written by the FEMA in accordance with the National Flood Insurance Program.

In October 2016, plaintiffs' home in Frisco, North Carolina was damaged by flooding caused by Hurricane Matthew. [DE 1, ¶ 5]. Plaintiffs reported the loss in February 2017, claiming losses of $62,389.51. *Id.* Defendant Service determined, effectively, that the first floor of plaintiffs' home was not above the area's base flood level and therefore not covered by the SFIP. *Id.* Defendant Service paid plaintiffs $21,284.33 for the losses they claim are covered by the SFIP. *Id.*

In July 2018, plaintiffs brought breach of contract claims against the United States Attorney General, FEMA, the National Flood Insurance Program, IAT Insurance Group ("IAT"), Occidental Fire and Casualty Company of North Carolina ("Occidental"), David Pirrung, and Service. [DE 1]. In October, the Court dismissed plaintiffs' claims against IAT, Occidental, and David Pirrung under Rule 12(b)(6) on the grounds that they were improperly named as defendants. [DE 24].

Since then, the United States of America as an interested party has moved to dismiss plaintiffs' claims against the U.S. Attorney General and FEMA on the grounds that neither defendant was properly served. [DE 26]. Plaintiffs have also filed a number of motions, principally seeking (1) to amend their complaint to challenge the constitutionality of federal flood insurance laws and the way those laws have been implemented, among other claims, and obtain pre-trial resolution of the constitutional challenges; (2) to add Bank of America, plaintiffs' mortgage lender, as a defendant and obtain an emergency injunction to prevent Bank of America from purchasing flood insurance on plaintiffs' behalf; and (3) to obtain a default judgment against the U.S. Attorney General and FEMA. [DE 26, 31].

DISCUSSION

**I. The United States of America's motion to dismiss is granted.**

The United States of America, through the United States Attorney for the Eastern District of North Carolina, moves to dismiss plaintiffs' claims against the U.S. Attorney General and FEMA under Federal Rule of Civil Procedure 12(b)(5). Under Rule 4(i)(2), a plaintiff bringing a civil suit against an agency of the United States must serve a copy of the complaint and summons upon (1) the United States Attorney, or his designee, for the district where the action is pending; (2) the U.S. Attorney General in Washington, D.C.; and (3) the agency itself. Rule 4(m) further states that if service is not effected within 90 days of the complaint being filed, "the court . . . must dismiss the action" unless the plaintiff demonstrates good cause to extend the time for service.

Plaintiffs' complaint was filed on July 10, 2018. [DE 1]. The 90 days that plaintiffs had to effect proper service elapsed on October 10, 2018. Plaintiffs were responsible for properly serving copies of the complaint and summons on the U.S. Attorney General, FEMA, and the United States Attorney for the Eastern District of North Carolina (or his designee). Fed. R. Civ. P. 4(i)(1) and (2). In lieu of serving the United States Attorney, plaintiffs could have sent copies by registered or certified mail to the civil-process clerk at the United States Attorney's Office. Fed. R. Civ. P. 4(i)(1)(A)(ii). Plaintiffs did not do so, serving only the U.S. Attorney General but not FEMA or the United States Attorney. Plaintiffs' *pro se* status does not excuse them from compliance with the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). As plaintiffs have not demonstrated that service was proper or that there is good cause for extending the service deadline, the motion to dismiss must be granted. Plaintiffs' claims against the U.S. Attorney General and FEMA are, therefore, dismissed.

3

**II. Plaintiffs' motion to amend and obtain pre-trial resolution is granted in part and denied in part.**

Plaintiffs seek to amend their complaint to add challenges to the constitutionality of the federal flood insurance laws which, in effect, require them to obtain flood insurance. They then seek pre-trial resolution of those constitutional claims. Plaintiffs also seek to amend their complaint to add damages claims arising from the denial of the full amount of their flood insurance claim. Plaintiffs' motion is granted in part and denied in part.

Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But courts "should freely give leave when justice so requires." *Id.* "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted).

Permitting plaintiffs to amend their complaint to add challenges to the constitutionality of the National Flood Insurance Program (NFIP) and the way that it is administered would be futile. The Fourth Circuit has repeatedly recognized that the NFIP, the way that FEMA permits private insurance companies to administer the program, and FEMA's SFIP are constitutional. *See, e.g., Studio Frames Ltd. v. Standard Fire Ins. Co.*, 483 F.3d 239, 243–45 (4th Cir. 2007); *see also Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 598–600 (4th Cir. 2002). Plaintiffs primarily argue that the complexity of the NFIP and its related programs disadvantages them and violates their due process rights. They argue that the program is discriminatory against low-income homeowners and, therefore, unconstitutional. Even construing plaintiffs' proposed amendments generously, it is unlikely that their constitutional claims against the NFIP, FEMA, or any other government entity

4

would be cognizable. *See Moffett v. Computer Sciences Corp.*, 457 F. Supp. 2d 571, 578–80 (D. Md. 2006) (finding a *Bivens* claim for due process violations brought against FEMA by individuals whose homes were damaged in a flood inappropriate given that Congress provided alternative remedies to aggrieved policyholders).

But, construing plaintiffs' constitutional claims as procedural due process claims alleging the unlawful deprivation of property without due process of law, it is clear that plaintiffs' claims must fail. In weighing a procedural due process claim, a court must first determine "whether there exists a liberty or property interest which has been interfered with by the State" and, second, "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972) and *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). The essential components of due process are prior notice and the opportunity to be heard. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Clearly, the array of federal flood insurance programs that Congress has devised *do* afford homeowners like plaintiffs' basic procedural due process rights. In fact, they are here in federal court attempting to vindicate those rights, arguing that their flood insurance claim was improperly denied. Plaintiffs' constitutional challenges fail as a matter of law for more than one reason and permitting plaintiffs to amend their complaint to add such challenges would be futile. Fundamentally, plaintiffs bring breach of contract claims and the ultimate outcome of this dispute depends upon the particular facts of their case: whether the first level of plaintiffs' home was sufficiently elevated to satisfy the language of their insurance policy and whether their claim was improperly handled. Adding constitutional challenges at this stage, and resolving them before trial as plaintiffs request, would be futile.

5

But, to the extent that plaintiffs seek to add new claims for harm to their property and their health that resulted from the denial of plaintiffs' flood insurance claim, plaintiffs may do so. It is not clear that these amendments would be futile, there does not appear to have been any bad faith on plaintiffs' part, and as *pro se* litigants they are entitled to some additional leeway. Thus, plaintiffs may amend their complaint to add additional damages claims arising from the denial of their flood insurance claim, but may not amend their complaint to add challenges to the constitutionality of the NFIP and related programs. Plaintiffs' motion is, therefore, granted in part and denied in part.

**III. Plaintiffs' motion to add Bank of America as a defendant, obtain an emergency injunction against Bank of America, and obtain default judgment against the U.S. Attorney General and FEMA is denied.**

Plaintiffs also seek to add Bank of America as a defendant, obtain an emergency injunction to prevent Bank of America from purchasing flood insurance on plaintiffs' behalf for the duration of this litigation, and obtain default judgment against the U.S. Attorney General and FEMA. At the outset, because plaintiffs' claims against the U.S. Attorney General and FEMA must be dismissed for improper service, default judgment is not appropriate and plaintiffs' motion to that effect is denied.

A motion to amend that seeks to add additional parties implicates both Rule 15 and Rule 20 of the Federal Rules of Civil Procedure. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Again, under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), denying permission "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

moving party, or the amendment would be futile." *Edwards*, 178 F.3d at 242. Rule 20 provides

that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted

against them . . . with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (B) any question of law or fact common to all defendants will

arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, in deciding whether parties may be properly

joined under Rule 20(a), courts consider two factors: (1) whether the right to relief arises "out of

the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there

is a question of law or fact common to the defendants.

Permitting plaintiffs to add Bank of America as a defendant would be futile. Effectively,

plaintiffs argue that it is unconstitutionally discriminatory for banks extending home loans to

require borrowers to obtain flood insurance policies. The Flood Disaster Protection Act of 1973

requires flood insurance for the duration of mortgage loans secured by improved real property

located within a Special Flood Hazard Area. *See* 42 U.S.C. § 4012a. The minimum coverage

amounts are also set by federal law. While plaintiffs allege that Bank of America's conduct is

improper or unconstitutional, their dispute is really with the federal statutes that Bank of America

complies with. And, as addressed above, it would be futile to permit plaintiffs to amend their

complaint to challenge the constitutionality of the NFIP, Flood Disaster Protection Act, National

Flood Insurance Act of 1968, and other related statutes and regulations which have created the

nation's flood insurance programs. Plaintiffs have not sufficiently alleged claims against Bank of

America that arise out of the same transaction or occurrence as their claims against the remaining

defendant or that any such claims raise common questions of law or fact. Rather, plaintiffs ask that

the Court relieve them from the requirements of federal law, relief that the Court cannot afford.

Accordingly, plaintiffs' motion to amend their complaint to add Bank of America as a defendant must be denied as futile.

Further, plaintiffs' motion for an emergency injunction against Bank of America fails as a matter of law. The purpose of a temporary restraining order or preliminary injunction is to maintain the status quo while a lawsuit is pending. *League of Women Voters of N.C. v. N.C.*, 769 F.3d 224, 236 (4th Cir. 2014). Whether requesting a temporary restraining order or a preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Critically, each of these four requirements must be satisfied." *League of Women Voters*, 769 F.3d at 249. A plaintiff can obtain an injunction only if "he demonstrates a clear likelihood of success on the merits, *and* the balance of equities favors him*, and* the injunction is in the public interest." *Id.* at 250. Here, plaintiffs complain that they are forced to either purchase flood insurance or have it purchased on their behalf by Bank of America, even though the flood insurance does not adequately cover their property. But plaintiffs have not sufficiently alleged that each of the four requirements are met; in particular, they have not shown likelihood of success on the merits or the likelihood of irreparable harm. The instant suit, arising from plaintiffs' flood insurance claim following Hurricane Matthew, has not relieved plaintiffs of the obligations imposed by their contract with their mortgage lender and their lender is still required to comply with federal law. Plaintiffs do not argue that their home has been improperly located within a Special Flood Hazard Area. As such, they must obtain at least the federal minimum coverage or they will be in breach of their mortgage contract. The motion for an emergency injunction is, therefore, denied.

8

## CONCLUSION

For the reasons discussed above, plaintiffs' motion to amend and obtain pre-trial resolution [DE 26] is GRANTED IN PART and DENIED IN PART, the motion to dismiss [DE 28] is GRANTED, and plaintiffs' motion to amend and obtain an emergency injunction and default judgment [DE 31] is DENIED.

SO ORDERED, this __6__ day of January, 2019.

Terrence W. Boyle

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE