IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:18-CV-31-BO

| | |
|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| US ATTORNEY GENERAL; IAT INSURANCE GROUP; OCCIDENTAL FIRE AND CASUALTY COMPANY OF NC; SERVICE INSURANCE COMPANY; and DAVID PIRRUNG , | ) ) ) ) ) ) |
| Defendants. | ) |

This case comes before the court on a motion (D.E. 38) by defendant Service Insurance

Company ("Service") to compel entry on and inspection of land pursuant to Fed. R. Civ. P. 34.

Plaintiffs Daniel Felix and Christine Hutten (collectively "plaintiffs") filed a response (D.E. 39),

objecting in part to Service's motion. The motion was referred to the undersigned for

determination. D.E. 40. For the reasons stated below, Service's motion will be allowed in part

and denied in part.

## **BACKGROUND**

### I. **PLAINTIFFS' CLAIMS**

Plaintiffs commenced the instant litigation on 10 July 2018, relating to a flood insurance

policy obtained by plaintiffs from Service. Compl. ¶ 1. Plaintiffs' claim under the flood insurance

policy arose from damages to plaintiffs' home in October 2016 resulting from flooding due to

Hurricane Matthew. *Id.* ¶ 5. Plaintiffs reported a loss of $62,389.51 to Service, but allege that

Service paid out a total of only $21,284.33, relying on the purportedly erroneous conclusion that the first floor of the home was not above the area's base flood level. *Id.* ¶ 5.

Plaintiffs assert claims for full payment of flood damages to their home and allege that Service has engaged in fraudulent practices depriving them of their rights under the policy. *Id.* ¶ 7. Service denies the material allegations in plaintiff's complaint. *See generally* Service's Ans. (D.E. 16). On 7 January 2019, the court granted plaintiffs leave to amend their complaint to add damages claims arising from the denial of the flood insurance claim (D.E. 37), but no amended complaint has been filed.

## II. RELEVANT CASE HISTORY

The court entered a Scheduling Order (D.E. 36) on 7 January 2019. The Scheduling Order provided for the completion of all fact discovery by 6 May 2019 and expert discovery by 8 July 2019. Sch. Ord. ¶ 3. It also contemplated inspection of plaintiffs' property and provided that "[a]bsent stipulation by the parties pursuant to Fed. R. Civ. P. 29(b), defendant shall seek to inspect the premises at issue in this case by a request pursuant to Fed. R. Civ. P. 34(a)(2), subject to subsequent motion practice, if necessary." *Id.* ¶ 4.

On 12 March 2019, Service requested that plaintiffs permit an inspection of the home by an engineer to opine whether the home should be classified as an elevated or non-elevated building. 12 Mar. 2019 Email (D.E. 38-7). Plaintiffs requested that certain conditions be met before allowing the inspection, which Service would not agree to. Service responded by filing the instant motion.

2

## DISCUSSION

## I. APPLICABLE LEGAL STANDARDS FOR INSPECTION

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including requests to permit entry on land to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2); *see generally* Fed. R. Civ. P. 26-37. Rule 26(b) provides for a broad scope of discovery:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

At the same time, Rule 26(c) authorizes the court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Fourth Circuit has held that, pursuant to this provision, "the degree to which [a] proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Belcher v. Basset Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978); *see also Clay v. Consol Penn. Coal Co. LLC*, 5:12-cv-92, 2013 WL 3819922, at *4 (N.D.W. Va. 12 June 2013) ("Any dangers must be balanced against the relevance and need for the inspection."); *Johnson v. Mundy Indus. Contractors, Inc.*, 7:01-CV-99– BO, 2002 WL 31464984, at *2 (E.D.N.C. 15 Mar. 2002) ("[A]n inquiry into when to compel an inspection goes beyond mere 'relevance' and must balance the need presented by the moving party against the 'burdens and dangers created by the inspection.'" (quoting *Belcher*,588 F.2d at 908)).

The need for such balancing is rooted in the reality that "entry upon a party's premises may entail greater burdens and risks than mere production of documents," as to which the general relevance standard of Rule 26(b) routinely controls. *Belcher*, 588 F.2d at 908. Thus, the court must exercise "precision and care in the formulation of inspection orders." *Id.* at 911. It has been held that the burden rests on the objecting party to convince the court that the inspection requested is unnecessary. *See Arkansas Game & Fish Comm'n v. United States*, 74 Fed. Cl. 426, 432 (16 Nov. 2006) (citing 8A *Fed. Prac. & Proced. Civ.* § 2214).

## II. APPROVAL OF INSPECTION WITH CONDITIONS

Here, the parties do not dispute that an inspection of plaintiff's property is necessary. Indeed, the crux of the case relates to the property's elevation status, and an inspection is a critical part of resolving this issue. An inspection is therefore allowed.

In addition, the parties do not dispute that an appropriate length of time for the inspection is 90 minutes. The court agrees that this is a reasonable duration. The length of the inspection shall therefore be 90 minutes. Delay in the inspection caused by plaintiffs shall not count toward the 90 minutes. Delay caused by Service or its engineer shall count toward the 90 minutes.

Other conditions on the inspection are disputed.

First, Service requests that in light of the contentious nature of the relationship between plaintiffs and Service and its attorneys, the court order that a United States Marshall accompany its engineer to the home and be present during the inspection. Service posits that the presence of a United States Marshal would ensure the safety of all involved. This request is denied. Assuming that such an assignment would fall within the jurisdiction of the Marshals Service , it would place on the Marshals Service an undue burden. If Service wishes to retain a person o provide security' during the inspection it may do so at its expense. Such person must be duly licensed. Retention

4

of a security person would bring to five the number of persons who may be present during the inspection: Service's engineer; one of its attorneys; both plaintiffs; and the security person. No other persons may be present absent written agreement of the parties.

Second, Service requests that its engineer be permitted to photograph and videotape the inspection. This would allow the engineer to capture the critical elements of the dwelling for later review. This request is allowed. Service's engineer is permitted to take photographs and videotape of the inspection, but any such photographs and videotape may be used solely for purposes of this litigation. Plaintiffs may not in any way impede the engineer from photographing or videotaping the property.

Third, plaintiffs request that before the inspection, Service's engineer and the court be required to review plaintiffs' photographs and provide plaintiffs with an explanation as to why a litigation position in this case other than the one they advance is justified. This request is denied. The rules of discovery do not require Service or the court to provide the requested explanation as a condition to performance of the inspection, and plaintiffs have not shown good cause for imposing such a requirement here. As noted, Service needs to conduct the inspection to make a fully informed determination on plaintiffs' allegations.

Fourth, plaintiffs request that the injured and rescued cats in their home not be disturbed or burdened during the inspection. While the court recognizes plaintiffs' interest in minimizing any disruption the inspection may cause the cats' routine, it will not allow the inspection to be hindered or obstructed by the presence of animals. Plaintiffs are directed to keep all animals out of areas when Service's engineer is inspecting them. Alternatively, plaintiffs may cage animals while they are in areas being inspected.

Fifth, plaintiffs request that the inspection not damage or alter their home in any way. Certainly, Service's engineer may not permanently damage or make permanent alterations to plaintiffs' home. This directive, though, does not prohibit Service's engineer from temporarily moving furniture or other objects in the house to facilitate the inspection; making markings that are completely removable by him before the inspection concludes; or performing comparable activities. The engineer shall leave the home in the same condition in which he found it, including returning moved objects to their original location and removing any markings he makes.

Finally, plaintiffs request that before the inspection they be given information regarding the background of the engineer, including his past employment and any criminal history. This request is allowed in part. Service shall provide to plaintiffs no later than three days before the inspection the name and business address of the engineer. Plaintiffs may pursue any other information concerning the engineer through discovery or their own investigation.

The inspection shall be performed no later than 25 June 2019. The engineer's report on the inspection shall be served on plaintiffs no later than 9 July 2019. Any rebuttal reports in response to the engineer's report shall be served no later than 23 July 2019. If no rebuttal reports are served, any deposition of Service's engineer shall be held, and any other discovery regarding the inspection shall be completed, no later than 16 July 2019, and any dispositive motions shall be filed no later than 15 August 2019. If any rebuttal reports are served, any depositions of Service's engineer and the authors of any rebuttal reports shall be held, and any other discovery regarding the inspection shall be completed, no later than 2 August 2019, and any dispositive motions shall be filed no later than 3 September 2019. Except as expressly provided in this Order, the deadlines and other terms in the Scheduling Order shall remain in effect.

The court admonishes the parties, Service's counsel, and Service's engineer that it expects them all to work cooperatively in effectuating the inspection of plaintiffs' home in accordance with the terms of this Order and otherwise in a reasonably efficient and expeditious manner. If any party, Service's counsel, Service's engineer, or any other person violates the terms of this Order relating to the inspection or otherwise impedes or interferes with the inspection, such violator will be subject to sanctions.

## CONCLUSION

In sum, IT IS ORDERED that Service's motion to compel inspection (D.E. 38) is ALLOWED IN PART AND DENIED IN PART on the terms set out above.

Service's counsel shall serve a copy of this Order on its engineer no later than three days prior to the inspection of plaintiffs' home.

SO ORDERED, this 11th day of June 2019.

James E. Gates
United States Magistrate Judge