UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CIVIL ACTION NO. 2:18-cv-00031-BO

| | | |
|---|---|---|
| DANIEL FELIX AND CHRISTINE HUTTEN | * * * | |
| vs. | * * * | OPPOSITION TO PLAINTIFFS' SETTLEMENT AGREEMENT TO CIVIL ACTION, MOTION TO STAY COURT PROCEEDINGS, AND MOTION TO COMPEL SERVICE TO APPLY INSURANCE POLICIES ON SETTLEMENT |
| US ATTORNEY GENERAL, FEMA, NFIP, IAT INSURANCE GROUP, OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, PRESIDENT DAVID PIRRUNG, and SERVICE INSURANCE COMPANY | * * * * * * * * | |

NOW INTO COURT, through undersigned counsel, comes Defendant, Service Insurance Company ("Service"), a former Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] at all times material hereto and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States"[3] for the purpose of submitting this Opposition to the Plaintiffs' Settlement Agreement to Civil Action, Motion to Stay Court Proceedings, and Motion to Compel Service to Apply Insurance Policies on Settlement (Doc. No. 42), to wit:

MAY IT PLEASE THE COURT:

While the instant pleading is styled as an "Opposition," it is to a large measure more in the way of a clarification. Service shall attempt to address each of the Plaintiffs' allegations in turn.

---

[1] 42 U.S.C. § 4001, *et seq*.
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1).

1

## THERE IS NO SETTLEMENT AGREEMENT

While Service recognizes that settlement negotiations are not something to provide to the Court in pleadings, Service must address the Plaintiffs' statement that there is a settlement agreement between the parties. There is no settlement agreement between the parties at this time. Service has indicated that it will recompense the Plaintiffs for the amount of the original adjustment of the Plaintiffs' flood loss, which is over $21,000, as the Plaintiffs refused to cash the original claim check. Additionally, claims personnel for Service are reviewing the file to find if there is anything further in the way of financial compensation related to said flood loss which it may offer in an effort to end this litigation.

What has occurred is that the Plaintiffs absolutely refuse to allow the inspection of their property which was ordered by the Court in Doc. No. 41. The Plaintiffs insist that all that is necessary is for photographs of their property to be reviewed, which Service contests. Contemporaneously with the decision to thwart the inspection was the Plaintiffs' unilateral decision to have a settlement, largely on their terms.4

The undersigned attempted to convince Ms. Hutten (Mr. Felix seems to have taken no role in the decision not to allow the inspection) that an Order of the Court is just that, a mandatory direction, not merely a suggestion. The undersigned also attempted to point out to Ms. Hutten that an inspection could only help them if their home is in fact not an elevated building, as they maintain. However, Service has had the Plaintiffs' home rated as a post-FIRM elevated building in a special flood hazard area since the inception of the Standard Flood Insurance Policy ("SFIP"). Absent an inspection by a qualified engineer, Service cannot, nor would FEMA allow, a change to the rating of the property by Service. As stated, should the inspection have occurred and in fact

---

4 Please see part of an email string between the undersigned and Ms. Hutten which confirms the Plaintiffs' refusal to allow the court-ordered inspection. The email string is attached as "Exhibit A."

resulted in a determination that the home has been misrated, Service would in all likelihood have owed the Plaintiffs some additional sums. *See*, SFIP Articles III(A)(8) and III(B)(3) for the delineated and severely restricted building and contents items which the SFIP allows in a post-FIRM elevated building in a special flood hazard area. The SFIP is codified at 44 C.F.R. Part 61, Appendix A(1).

As stated above, Service will review the Plaintiffs' claim file to determine if any additional sums may be offered beyond the amount of the original claim. When a sum certain has been determined by Service, an offer will be made to the Plaintiffs. At that point, we will have a settlement or not. Service will posit that the Plaintiffs' stated sum for settlement of $35,620.13 is not likely to be offered by Service in settlement.

## MOTION FOR STAY

Service does not oppose a short stay to determine if a settlement may be reached. However, Service has had grounds to move for summary dismissal of this matter and has forborne bringing the motion in an effort to determine if in fact the Plaintiffs' dwelling is an elevated home or not. Additionally, the Plaintiffs' refusal to abide by the Order of this Honorable Court regarding the inspection of their home (Doc. No. 41) only exacerbates the situation regarding dismissal of the Plaintiffs' cause. The Court cannot and should not allow its legitimate Orders to be ignored by parties to a civil action, be they *pro se* or not. As such, if the attempt at settlement is not successful, Service will move the Court to dismiss the captioned matter in its entirety based on all legally viable grounds.

## MOTION TO COMPEL SFIP PROCEEDS TO SETTLEMENT

As stated above, it is Service's position that the Plaintiffs have always been entitled to the $21,284.33 previously tendered for their flood loss. It was the Plaintiffs who made the decision

not to negotiate the check which was previously issued. With regard to the settlement offer which Service intends to make to the Plaintiffs, the original sum is the starting point of Service's calculations. As such, there is no need for an Order to compel Service to pay the original amount. Service is at this time seeking to augment the original amount, based on a review of the file.

WHEREFORE, Defendant, Service Insurance Company, prays that this Opposition is found good and that the Court rule accordingly.

Dated: June 28, 2019.

Respectfully submitted,

*/s/ William R. DeJean*
WILLIAM R. DEJEAN, T.A.
NIELSEN & TREAS, L.L.C.
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500; F: (504) 832-9165
Email: wdejean@nt-lawfirm.com
LA. STATE BAR NO. 22762
*Counsel for Service Insurance Company*

and

W. Gregory Merritt
HARRIS, CREECH, WARD & BLACKERBY, P.A.
325 Pollock Street
P.O. Drawer 1168
New Bern, NC 28563
P: (252)-638-6666; F: (252) 638-3542
Email: wgm@HarrisCreech.com
N.C. Bar No. 23333
*Local Rule 83.1(d) Counsel for Service Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2019, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner

4

authorized by Federal Rule of Civil Procedure 5(b)(1), either by U.S. Mail, postage prepaid, or using the CM/ECF system, which will send notice of electronic filing as follows:

>Daniel Felix
>P. O. Box 544
>Frisco, NC 27936-0544
>*PRO SE*
>Via U.S. Mail
>
>Christine Hutten
>P. O. Box 544
>Frisco, NC 27936-0544
>*PRO SE*
>Via U.S. Mail

>*/s/ William R. DeJean*
>William R. DeJean