UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-31-BO

| | |
|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES ATTORNEY GENERAL, ) | |
| FEDERAL EMERGENCY MANAGEMENT ) | |
| AGENCY, NATIONAL FLOOD INSURANCE ) | |
| PROGRAM, IAT INSURANCE GROUP, ) | |
| OCCIDENTAL FIRE AND CASUALTY ) | |
| COMPANY OF NORTH CAROLINA, ) | |
| DAVID PIRRUNG, and SERVICE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiffs' *pro se* motion, titled a "Settlement Agreement to Civil Action, Motion to Stay Court Proceedings, Motion to Compel Service to Apply Insurance Policies on Settlement." [DE 42]. The motion is ripe for disposition. For the reasons that follow, plaintiffs' motion [DE 42] is DENIED.

## BACKGROUND

The Court dispenses with a full recitation of the case and adopts, as if fully set forth herein, the factual and procedural background that the Court provided in its order on January 7, 2019. [DE 37]. On June 11, 2019, the Court ordered plaintiffs to permit an inspection of their property—subject to certain conditions—by an engineer retained by defendant Service Insurance Company ("Service") no later than June 25. [DE 41]. Since that time, it appears that no inspection has been permitted.

Plaintiffs now move to purportedly settle the action, to stay proceedings, and to "compel Service's compliance with their own stated policies." [DE 42, p. 4–5]. More specifically, plaintiffs assert that they have been prejudiced and mistreated by the Court and that they therefore wish to accept $35,620.13 to settle the action. [DE 42, p. 1–4]. Plaintiffs claim that the $35,620.13 sum is "the adjusted amount in compliance with Service[']s agreed[-]upon limitations per policy." *Id.* at 4. Plaintiffs then request that the Court stay proceedings "until defendant's [sic] have either accepted or denied the settlement offered by plaintiffs or some reasonable agreement can be reached." *Id.* Finally, plaintiffs request that the Court "intervene to officiate some action to compel Service's compliance with their own stated policies." *Id.* at 5.

Service has responded in opposition, clarifying that the parties have not reached a settlement agreement and that, although Service continues to offer plaintiffs the $21,284.33 that it originally offered for plaintiffs' flood damage, no offer of $35,620.13 has been made. [DE 43, p. 3]. Service indicates that it does not oppose a short stay of proceedings to determine whether a settlement may be reached and that there is no need to compel it to pay the $21,284.33 that has been offered for the original flood claims. *Id.* at 3–4.

## DISCUSSION

Plaintiffs' motion must be denied. First, to the extent that the motion purports to be a settlement of the litigation, defendant Service makes clear that no settlement has been reached. To the extent that the motion constitutes a settlement *offer*, court filings and pleadings are not the appropriate venue for such negotiations, and plaintiffs' motion must still be denied.

Second, the Court finds that plaintiffs have not demonstrated good cause for a stay of proceedings, particularly in light of plaintiffs' apparent refusal to permit an inspection of their

property even after the Court's June 11, 2019 order. As such, to the extent that plaintiffs' motion can be construed as a motion for a stay of proceedings, the motion is denied.

Finally, to the extent that plaintiffs' motion can be construed as a motion to compel, it must be denied. Ultimately, what plaintiffs seek is a mandatory injunction affirmatively requiring Service to take future action. To obtain a preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Critically, each of these four requirements must be satisfied." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). A plaintiff can obtain an injunction only if "he demonstrates a clear likelihood of success on the merits, *and* the balance of equities favors him, *and* the injunction is in the public interest." *Id.* at 250 (emphasis in original). Plaintiffs have not demonstrated that any of the four requirements for a preliminary injunction are met. As such, to the extent that plaintiffs' motion can be construed as a motion to compel, the motion is denied.

## CONCLUSION

For the reasons discussed above, plaintiffs' motion [DE 42] is DENIED.

SO ORDERED, this **26** day of July, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3