UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-31-BO

| | |
|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ATTORNEY GENERAL, ) <br> FEDERAL EMERGENCY MANAGEMENT ) <br> AGENCY, NATIONAL FLOOD INSURANCE ) <br> PROGRAM, IAT INSURANCE GROUP, ) <br> OCCIDENTAL FIRE AND CASUALTY ) <br> COMPANY OF NORTH CAROLINA, ) <br> DAVID PIRRUNG, and SERVICE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) | O R D E R |

This matter is before the Court on defendant's motions to dismiss [DE 45] and for sanctions [DE 49] as well as plaintiffs' motions for judgment on particular issues [DE 48] and for a writ of mandamus [DE 50]. For the reasons that follow, defendant's motion for sanctions [DE 49] is GRANTED and the case is DISMISSED.

BACKGROUND

The Court dispenses with a full recitation of the case and adopts, as if fully set forth herein, the factual and procedural background that the Court provided in its order on January 7, 2019. [DE 37]. Relevant here is the Court's June 11, 2019 order for plaintiffs to permit an inspection of their property—subject to certain conditions—by an engineer retained by defendant Service Insurance Company ("Service") no later than June 25. [DE 41]. Since that time, it appears that no inspection has been permitted.

## DISCUSSION

Defendant has moved for sanctions under Federal Rule of Procedure 37(b)(2)(A). The Rule provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Rule 37 then provides a list of seven possible sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002) ("Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order."). Prior to dismissing an action under Rule 37, a court must consider (1) whether there has been bad faith on the part of the non-complying party, (2) the amount of prejudice the non-compliance has caused the other party, (3) the need for deterrence of this sort of non-compliance, and (4) whether less drastic sanctions would be effective. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). A district court enjoys wide discretion in determining whether to issue sanctions under Rule 37. *See, e.g., S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003).

The Court, in its discretion, finds that dismissal with prejudice is warranted in these circumstances. Plaintiffs' *pro se* status does not excuse them from the duty to comply with this Court's orders and the Federal Rules of Civil Procedure. Plaintiffs' failure to comply with the Court's June 11 order, despite being warned (1) of the expectation that the parties cooperate with each other to effectuate the order and (2) of the prospect of sanctions for failure to comply, demonstrates bad faith. Defendant attempted to work with the plaintiffs to conduct the inspection. DE 49-2. Plaintiffs' noncompliance has prejudiced the defendant by denying any prospect for a resolution to this case while forcing defendant to expend time and resources to respond to

2

additional motions filed by plaintiffs. In its efforts to shepherd the case along, defendant has even gone out of its way to request that FEMA re-examine the its previous finding that the building was elevated. Had plaintiffs complied with this Court's order back in June, the underlying factual issue of whether the house is "elevated" according to the relevant regulations would have been determined and this case would likely have reached a resolution. There is a clear need for deterrence in situations such as these where plaintiffs have shown no interest in cooperating with either the Court or the opposing party. Dismissal is the most effective sanction in this situation.

As such, the Court finds that plaintiffs must be sanctioned for acting in bad faith and failing to comply with a court order and that dismissal is the appropriate sanction. Defendant's motion is granted and the case is dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, defendant's motion for sanctions [DE 49] is GRANTED. Defendant's motion to dismiss [DE 45] and plaintiffs' motions [DE 48, 50] are DENIED as moot. The case is DISMISSED WITH PREJUDICE and the Clerk is DIRECTED to close the case.

SO ORDERED, this ___ day of October, 2019.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3