UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-cv-31-BO

| | |
|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES ATTORNEY GENERAL, ) | |
| FEDERAL EMERGENCY MANAGEMENT ) | |
| AGENCY, NATIONAL FLOOD INSURANCE ) | |
| PROGRAM, IAT INSURANCE GROUP, ) | |
| OCCIDENTAL FIRE AND CASUALTY ) | |
| COMPANY OF NORTH CAROLINA, ) | |
| DAVID PIRRUNG, and SERVICE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiffs' motions asking the Court to reconsider its October 5, 2019 order, which sanctioned plaintiffs for failure to comply with an earlier Court order by dismissing their lawsuit with prejudice. Plaintiffs' invoke Rule 40 of the Federal Rules of Appellate Procedure as well as Rules 59 and 60 of the Federal Rules of Civil Procedure. [DE 57, 58].

BACKGROUND

The Court dispenses with a full recitation of the case and adopts, as if fully set forth herein, the factual and procedural background that the Court provided in its order on January 7, 2019. [DE 37]. Relevant here is the Court's June 11, 2019 order requiring plaintiffs to permit an inspection of their property by an engineer retained by defendant Service Insurance Company ("Service") no later than June 25. No inspection was allowed, and on defendant's motion for sanctions [DE 49], the Court dismissed plaintiffs' lawsuit. [DE 54]. On October 11, 2019, defendant's counsel notified

the Court that, apparently, the motion for sanctions was never delivered to plaintiffs despite the Certificate of Service certifying that service via U.S. Mail had been accomplished. Plaintiffs, therefore, did not have an opportunity to respond to the sanctions motion.

## DISCUSSION

The Court dismissed the suit for plaintiffs' failure to comply with the June 11, 2019 order requiring them to permit an inspection of their house by June 25. In the June 11 order, the Court explicitly stated that any party violating its terms would be subject to sanctions.

The overriding reason that plaintiffs did not comply with the inspection order was that, in their view, the order was not sufficiently accommodating of rescued cats that live in the first floor of their home. Plaintiffs were concerned the inspection would disturb the cats and put them at risk of harm. DE 49-3.

In their motions for reconsideration [DE 57, 58], plaintiffs reiterate that they did not permit the home inspection because the Court's order did not include sufficient protections for the cats during the inspection. For instance, they state "[p]laintiffs acknowledged they would like to comply with the order for discovery via the engineer's inspection, but the Court would have to put into place some protections for the abused cats living in that section of the home that the magistrate judge negligently overlooked." DE 57 ¶ 2. They go on to say that "Plaintiffs tried to give notice to the Court that they would be willing to comply but only if the Court understood the conditions that would be necessary to keep the cats safe." *Id.* There are other statements to the same effect. Elsewhere, plaintiffs contend that they needed a definition from the Court as to what constituted an "enclosure below an elevated building," and that, depending on the definition, plaintiffs might change their settlement position. DE 57 ¶ 3; DE 58 ¶ 2.

In their motion invoking Rules 59 and 60, plaintiffs state that were the Court to allow them to respond to the motion for sanctions, the response would include the arguments outlined above—specifically, the need for additional conditions to protect the cats and a request for a definition of the term "enclosure below an elevated building." DE 58 at 1 ("Should the Court also grant plaintiffs the privilege of responding to defendants Motion for Sanctions, our response will include the items listed below which will make Plaintiff's position on inspection clear.").

Plaintiffs' motions and arguments support the Court's dismissal order and reaffirm the need for sanctions in this case. The Court's June 11 order was not a suggestion inviting additional negotiations over the conditions of the inspection. It was a legally binding order requiring good faith compliance with its terms and scope.

While the Court regrets that plaintiffs did not have a chance to respond to the motion for sanction initially, the Court is satisfied, based on plaintiffs' subsequent filings, that its decision would remain the same. Plaintiffs previewed their arguments for what they would have included in their response to defendant's motion for sanctions. The reasons provided are insufficient to warrant alteration of or relief from the Court's October 5 order.

## CONCLUSION

For the reasons discussed above, plaintiffs' motions [DE 57, 58] are DENIED.

SO ORDERED, this _____ day of December, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3